UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DEBORAH J. REA,

    Plaintiff,

    v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Soundview Home Loan Trust Asset-Backed Certificates, Series 2006-2; RIGHT-AWAY MORTGAGE, INC., a California corporation; NDEX WEST LLC, a California limited liability company; and DOES 1 to 10, inclusive,

    Defendants.
_____/

NO. CIV. S-09-0902 FCD DAD

----oo0oo----

This matter is before the court on plaintiff Deborah J. Rea's motion for a temporary restraining order prohibiting the enforcement of the Superior Court of California, County of Solano's Notice to Vacate and Writ of Execution for Possession of Real Property, issued on March 18, 2009 (the "Eviction Order").

On or about October 19, 2005, plaintiff refinanced a property located at 219 Larkspur Drive, Vacaville, CA 95687 (the "property") through defendants. (Compl., filed Apr. 2, 2009, ¶ 12.) Prior to October 2007, plaintiff failed to make payments on the loan. (See Decl. of Marshall E. Rosenbach ("Rosenbach Decl."), filed Apr. 2, 2009.) On or about November 19, 2007, defendant Deutsche Bank National Trust Co. ("Deutsche Bank") executed a substitution of trustee in favor of defendant NDEX West LLC ("NDEX West"), which was recorded on December 4, 2007. (Id. ¶ 9.) However, one month prior to its substitution as trustee, on October 12, 2007, defendant NDEX West executed a Notice of Default and Election to Sell under Deed of Trust. (Id. ¶ 10.) Plaintiff contends that NDEX West had no authority to execute and record the Notice of Default before it was appointed trustee. (Id.)

On June 8, 2008, defendant NDEX West held a trustee sale of the property. (Id. ¶ 14.) Defendant Deutsche Bank acquired the property. (Id.) Plaintiffs contends that she received no prior notice of the sale. (Id.)

Subsequently, on October 9, 2008, plaintiff gave notice of rescission based upon defendants' alleged TILA violations in relation to the loan. (Id. ¶ 13.) Defendant did not recognize plaintiff's notice of rescission. (Id.)

On January 6, 2009, Deutsche Bank obtained a judgement for possession, which was vacated on the same day. (Id. ¶ 15.) On March 18, 2009, Deutsche Bank obtained a judgment for possession from the Superior Court of California, County of Solano, after a court trial. (Id.) The state court issued the Eviction Order.

The Solano County Sheriff's Office issued a Notice to Vacate the property on Tuesday, April 2, 2009, at 6:01 A.M. (See Compl. ¶¶ 3, 27.)

On April 2, 2009, plaintiff filed a motion for a temporary restraining order to prohibit enforcement of the Eviction Order in this court. Plaintiff's accompanying complaint alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), as well as violations of applicable state laws.

The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 & n.7 (9th Cir. 2001). A party seeking a preliminary injunction must demonstrate that he is likely to succeed on the merits, that irreparable harm is likely in the absence of preliminary relief, that the balance of equities tips in favor of such relief, and that an injunction is in the public interest. Am. Trucking Ass'ns, Inc., -- F.3d --, No. 08-56503, 2009 WL 723992, at *4 (9th Cir. Mar. 20, 2009) (clarifying the controlling standard for injunctive relief in light of the Supreme Court's decision in Winter v. Natural Res. Def. Council, -- U.S. --, 129 S. Ct. 365 (2008)).

Federal Rule of Civil Procedure 65(b) provides that the court may issue a temporary restraining order without notice to the adverse party where "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." In addition, the

movant's attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required." Id.

Plaintiff's application for a temporary restraining order must be denied on numerous grounds. First, there is no evidence that defendants or their counsel have received notice of the motion. While plaintiff's counsel asserts that he faxed the complaint and motion to defendants the day before he filed the TRO, he does not provide evidence that he made a "sufficient showing of efforts to provide notice."[1] E.D. Cal. Local R. 65-231 ("Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested."). A temporary restraining order may only be granted in the absence of such notice or effort at notice in "the most extraordinary of circumstances." Id. Plaintiff has failed to demonstrate such circumstances.[2]

Second, at their core, plaintiff's claims challenge the validity of the June 2008 trustee sale of the property on the grounds of underlying state and federal violations. However, on March 18, 2009, the Solano County Superior Court issued a Writ of Execution directing possession of plaintiff's property after a court trial. (Exh. to Mot. for TRO at 16.) Federal district courts do not have jurisdiction to review state court rulings.

---

[1] Indeed, the court attempted to contact defendants at the telephone numbers provided by plaintiff after receipt of the motion. The person who answered the telephone stated that she had not received any notice of the motion.

[2] This is particularly true where plaintiff has significantly delayed in filing the motion, as set forth *infra*.

4

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Rugroden v. State Bank of Park Rapids, No. 08-1964, 2008 WL 1767043, at *2 (N.D. Cal. Apr. 16, 2008). To the extent plaintiff is requesting that this court determine the validity of any state court orders with respect to his property, this court lacks subject matter jurisdiction. Rugroden, 2008 WL 1767043, at *2.

Third, while the loss of plaintiff's home is certainly a significant interest, the court finds that plaintiff's delay and lack of diligence in filing the application for temporary restraining order has prejudiced defendant's ability to defend. See Apache Survival Coalition v. OLA Cassadore Davis, 118 F.3d 663, 665-66 (9th Cir. 1997) (affirming district court's denial of TRO on the grounds of laches because of lack of due diligence); Ines v. Countrywide Home Loans, Inc, No. 08-cv-1267, 2008 WL 2954990, at *3 (S.D. Cal. July 28, 2008). Plaintiff was aware of the allegedly invalid trustee sale since June 2008. Further, plaintiff was aware that defendant Deutsche Bank was seeking a judgment of possession as early as January 2009. At latest, plaintiff was aware that a writ of execution had been issued against her property on March 18, 2009, and that she would be evicted from the premises on April 2, 2009.[3] However, plaintiff waited until mere hours before the eviction to file this motion.

---

[3] Plaintiff does not present any evidence that she was not timely served with the state court's Eviction Order or the Notice to Vacate.

1    Accordingly, after reviewing the submissions of plaintiff,
2 the court concludes that plaintiff has failed to demonstrate that
3 she is entitled to emergency injunctive relief.  As such,
4 plaintiff Rea's application for a Temporary Restraining Order is
5 DENIED.
6    IT IS SO ORDERED.
7 DATED: April 2, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE